NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—April, 1883.

## SIPPEL V. MACKLIN.

*In the matter of the estate of* HENRY SIPPEL, *deceased.*

The recovery of judgment against an administrator in his representative capacity, giving no priority to the judgment-creditor's claim, over others not sued upon (2 R. S., 87, § 28), it would be palpably unjust to allow the issuance of an execution for the face of the judgment, without a disclosure of the amount of the other claims upon the estate. The "just proportion" which the creditor is entitled to collect, must be determined by an inquiry implied in Code Civ. Pro., § 1826.

APPLICATION by Annie E. Sippel, a creditor of dece-

dent, who had obtained a judgment at law against Ida E. Macklin, as administratrix with the will of decedent annexed, for leave to issue execution upon the judgment against the administratrix. Further facts are stated in the opinion.

CONLAN & McCREA, *for petitioner.*

LEO C. DESSAR, *for administratrix.*

THE SURROGATE.—I have signed an order confirming the referee's report, but cannot give leave to issue execution. For it does not appear, by the papers before me, whether the assets of the estate are sufficient to pay the entire amount of the applicant's debt without injuriously affecting the rights of others entitled to equality of payment with herself. The fact that she has recovered judgment against the administratrix does not give her claim against this estate any priority over other claims on which no actions have yet been commenced (see 2 R. S., 87, § 28; *3 Banks, 7th ed., 2299;* Schmitz v. Langhaar, *88 N. Y., 503*).

As the extent of such other claims is not fully disclosed, it would be palpably unjust to allow issuance of execution for the full sum claimed by the applicant.

Section 1826 of the Code provides that, where it appears that the assets, after payment of all sums chargeable against them for expenses, and for claims entitled to priority as against the applicant for an execution, are not, or will not be sufficient to pay all the debts, legacies or other claims of the class to which the claim of such applicant belongs, the sum directed to be

collected by the execution shall not exceed such appli-
cant's just proportion of the assets.

To ascertain that "just proportion," in the present
case, further inquiry is necessary.